## GEORGE, appellant, v. ARTHUR.

*Foreclosure under the statute — affidavit of publication — affidavit of service of notice of sale.*

In proceedings to foreclose a mortgage under the statute, the affidavit of publication of the notice of sale stated that such notice " was published for twelve weeks successively at least once in each week prior to the time specified," for the sale of the premises. *Held* sufficient, and an objection that the affidavit did not show a publication in " each and every week," for twelve weeks, untenable (*Howard* v. *Hatch*, 29 Barb. 297).

The affidavit of service of the notice of sale stated that the notices were served on " C. S., administrator," etc. *Held* sufficient, and that in an action for trespass in which defendant justified upon the ground of title under the foreclosure, extrinsic evidence was admissible to show of what estate C. S. was administrator.

APPEAL from a judgment in favor of defendant in an action tried by the court without a jury and from an order denying a new trial. The action was brought by Oren S. George against Alfred Arthur for trespass upon certain premises formerly owned by plaintiff. The action was originally brought in a justices' court, but upon an answer of title removed into the supreme court. The defendant claimed title under a sale of the premises made upon the foreclosure of a mortgage made in pursuance of the statute. At the same time with the appeal in this case was argued one in an action of ejectment brought by defendant against plaintiff and others.

The plaintiff claimed that the proceedings to foreclose were invalid by reason of defective affidavits of publication and service of notice of sale. The affidavit of publication was as follows:

" C. D. Manville of the town of Lowville, county of Lewis and State of New York, being duly sworn, deposeth and saith, that he is one of the publishers of the newspaper called the " Lewis County Democrat," a public newspaper printed and published in the county of Lewis, where the premises described in the annexed printed notice of sale or a part thereof are situated. Deponent further saith that the notice of the mortgage sale of which a printed copy is hereto annexed, was published for twelve weeks successively at least once in each week prior to the time specified in said notice for the sale of said premises, said publication having been commenced

on the 12th day of March, in the year 1873, and continued for twelve weeks at least successively, at least once in each week."

The affidavit of service of notice of sale was as follows:

"LEWIS COUNTY, ss. : Charles S. Mereness, of the town of Martinsburgh, in said county, being duly sworn, says that on the 17th day of March, 1873, he served a copy of the annexed printed notice on each of the several persons next hereinafter named, by inclosing a copy of said notice in an envelope and in a proper and ordinary letter form and sealing the same and addressing such envelope severally on the outside to the several persons next hereinafter named and at and to the post-office set opposite to their names respectively, as hereinafter stated, by depositing all of said notices so inclosed and addressed as aforesaid in the post-office at the said village of Martinsburgh and paid the postage on each of them, and at that time each of the said persons resided, as this deponent is informed and believes, at the respective places to which their said notices were so addressed. That the names of said persons and corporations, and the address of said notices to them as aforesaid, were respectively as follows, viz.: Mrs. Minerva George, Martinsburgh, N. Y.; Chester Shumway, administrator, etc., Martinsburgh, N. Y., Loren Shumway, administrator, etc., Martinsburgh, N. Y.," etc.

Defendant offered in evidence proof of the appointment and qualification of Minerva George, Chester Shumway and Loren Shumway as administratrix and administrators of William George, deceased, said William George being the mortgagor of the premises in question. This was subject to plaintiff's objection, and exception admitted. Plaintiff also objected to the admission of the affidavits of the statutory foreclosure upon the grounds that, "1. They do not show service on William George or his personal representatives. 2. They do not show publication twelve weeks in each and every week from March 12, 1873, to June 5, 1873, inclusive." The evidence was admitted and defendant excepted.

*Cornelius E. Stephens,* for appellant. The affidavits were evidence of title and could not be contradicted or amended by parol evidence. *Arnot* v. *McClure,* 4 Den. 41; *Cohoes Co.* v. *Goss,* 13 Barb. 137; *Layman* v. *Whiting,* 20 id. 550; *Bryan* v. *Butts,* 27 id. 503; *Tuthill* v. *Tracy,* 31 N. Y. 157; *Mitchell* v. *Bartlett,* 51 id. 447.

The court cannot remedy defects in affidavits in statutory foreclosure proceedings. *Dwight* v. *Phillips*, 48 Barb. 116; also cited *Bloom* v. *Burdick*, 1 Hill 130; *Low* v. *Purdy*, 2 Lans. 422; *Winslow* v. *McCall*, 32 Barb. 241; *Cole* v. *Moffitt*, 20 id. 18; *Robinson* v. *Ryan*, 25 N. Y. 320.

*Abram J. Mereness*, for respondent.

E. DARWIN SMITH, J. The appeals in these two cases both present and depend upon the same question. It is whether the foreclosure of the mortgage mentioned in the pleadings and case was valid or otherwise. The question arises upon the affidavit of service of notices of sale of mortgaged premises.

It appeared on the trial that the mortgage in question was executed by William George and wife prior to April, 1869; that said George died in February, 1870, and that proceedings to foreclose the mortgage, which was past due, were commenced in March, 1873, by advertisement. No question was made as to the regularity of the proceedings upon the foreclosure, except that the affidavit of the printers did not show a publication in each and every week for twelve weeks, which is not pressed and is clearly untenable within the case of *Howard* v. *Hatch*, 29 Barb. 297; also that the affidavits do not show any service of notices on the administrators and administratrix of William George, deceased.

It was proved on the trial that before the commencement of said foreclosure proceedings, Minerva George, Chester Shumway and Lorenzo Shumway were duly appointed administrators and administratrix of the estate of the said William George, deceased, and that they were duly qualified and acted as such.

The affidavit of the service of the notice stated that a copy of a printed notice of sale was in due time and form served on said administrators and administratrix by inclosing the same to them respectively in a proper envelope, sealed and addressed to them at their residence, as follows: "Mrs. Minerva George, Martinsburgh, N. Y.; Chester Shumway, administrator, etc., Martinsburgh, N. Y.; Lorenzo Shumway, administrator, etc., Martinsburgh, N. Y."

We cannot see why this service was not entirely sufficient and the object of the statute fully complied with. The notice apprised the persons served, of the time and place of the proposed sale of the mortgage premises of the estate of which they were adminis-

trators. They could not be misled by it and could not fail fully to understand its purport, purpose, object and intent.

The notice was 'served upon the proper persons in proper time, and they were bound to take notice of such service and act according to their rights and duties in respect thereto. The affidavits of publication and service of notice, printing, etc., were sufficient to perfect the foreclosure. In the action of ejectment and trespass the party asserting such title was entitled to prove such extrinsic facts as were essential to give full force and effect to the foreclosure, and such proof was properly allowed on the trial. Judgment in each case should be affirmed.

*Judgments affirmed.*